## Vineland Poultry Company *v.* Schwartz et al., Appellants.

*Assumpsit—Book accounts—Husband and wife—Partnerships—Evidence.*

In an action of assumpsit on a book account against a husband and wife, there was evidence that the goods were furnished jointly to the defendants. There was also evidence that the wife told the plaintiff that it was her business and that she would be responsible for the bills. Under such circumstances there was sufficient evidence to support the finding of the court, and judgment for the plaintiff will be sustained.

Argued October 18, 1926. Appeal No. 216 October T., 1926, by defendants from judgment of M. C. Philadelphia County, August T., 1925, No. 1299, in the case of Reuben A. Lippman, Michael Wolfson and Louis Friss, trading as Vineland Poultry Company, v. Sam Schwartz and Bella Schwartz. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, JJ. Affirmed.

Assumpsit on book account. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court found for the plaintiff in the sum of $384.-52, and entered judgment thereon. Defendants appealed.

*Error assigned* was refusal of defendants' motion for judgment non obstante veredicto.

*Maurice G. Weinberg* for appellants.

No appearance and no printed book for appellee.

OPINION BY TREXLER, J., March 3, 1927 :

This was a suit in assumpsit on a book account against the defendants, Sam Schwartz and Bella Schwartz, tried by the judge without a jury. The only question that is properly before us is whether there is sufficient evidence to support the finding of the judge in favor of the plaintiff. The testimony of the plaintiff which we must regard as verity discloses that during July and August, 1925, he engaged in the wholesale poultry business in Atlantic City and delivered poultry to Sam and Bella Schwartz which she paid for.

Formerly, in the early part of the season, Becker & Schwartz ran the business for a while, Becker guaranteeing the account. One day, Becker told the plaintiff that he would not guarantee the account any longer and the plaintiff then closed the account that stood in the name of Becker & Schwartz and entered it in the name of Bella & Sam Schwartz. The place was run as a butcher shop. Mrs. Schwartz was in constant attendance. The date when Schwartz took this business was July 20th and upon that day the new account was opened. The bills were rendered "Schwartz," without indicating the first name. Mrs. Schwartz told the plaintiff that it was her business and said that she would be responsible for the bills and when asked to pay the bill, she said that she could not pay at that time, but if the plaintiff continued to give her credit, she would pay. The plaintiff had no dealing with Sam Schwartz. Sam deserted his wife sometime during the summer and the business was continued by her as usual.

This testimony shows that there was sufficient for the trial judge, sitting as judge and jury, to come to

the conclusion that the goods were furnished jointly to Sam and his wife and that she was a partner in the business. The lower court committed no error in refusing to enter judgment in favor of the defendant. The trial judge evidently believed the story of the plaintiff and it was sufficient to sustain his action against Bella Schwartz.

The assignments of error are overruled. The judgment is affirmed.